UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLIE STAINBACK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-3245 |
| | ) | |
| ROGER DIVELEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Macoupin County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Witt and Crawford (his ex-girlfriend and her father, respectively), a fellow detainee called Red, and members of the Macoupin County Sheriff's Department conspired to kill him for $10,000. Approximately three weeks later, Plaintiff alleges that two cars followed him when he was driving around town. He alleges that he flagged down

Defendant McMahon, told him he was not sure who was in the cars, and that Defendant McMahon would not do anything about it and told him to move out of town. Plaintiff alleges that more cars started following him, boxed him in, and forced him to drive through ditches, fields, and yards to get away.

Plaintiff alleges that approximately an hour later the 911 operator and Defendant Witt refused to help him when he called. He alleges that members of the Macoupin County Sheriff's Department used magnetic drones to temporarily disable his vehicle and caused a collision with other motorists. Plaintiff alleges that he drove away and Defendant Diveley pulled him over. Plaintiff alleges that during the stop, Defendants Diveley and McMahon body slammed, choked, stomped, punched, and kicked him when he was not resisting or threatening them.

Plaintiff states a Fourth Amendment claim for excessive force against Defendants Diveley and McMahon. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

Plaintiff does not state a claim against Defendants Witt, Crawford, and Kahl. Defendants Witt and Crawford are not state actors, and Plaintiff has not identified the specific members of the Macoupin County Sheriff's Department with whom they allegedly conspired. Plaintiff cannot sue Defendant Kahl just because he is in charge, and his allegations are not sufficient to state a claim pursuant to *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

### Plaintiff's Letter (Doc. 6)

Plaintiff sent a letter to the Court indicating that officials are improperly withdrawing funds from his trust fund account to pay the filing fee in this case. A letter from Macoupin County officials indicates that officials are withdrawing 20% of Plaintiff's outstanding balance, not 20% of Plaintiff's previous month's income as the Court's order directs.

To the extent that Plaintiff requests the Court to clarify its Order, the request is granted. Officials at Macoupin County Sheriff's Department are advised that the Court's order requires officials to deduct 20% of Plaintiff's previous month's income, not 20% of the remaining balance due, for purposes of paying the filing fee in this case, until the fee is paid in full. *See* Text Order entered Nov. 18, 2022. For example, if Plaintiff receives $100.00 in deposits in February 2023, officials must deduct $20.00 in March 2023. If Plaintiff receives $0.00 in deposits in March 2023, officials would not collect any money towards the filing fee in April 2023. The Court also advises that the $10.60 paid as an initial filing fee counts towards the $350.00 filing fee. It is not an additional fee.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourth Amendment claim for excessive force against Defendants Diveley and McMahon. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Witt, Crawford, and Kahl as defendants.

12. The clerk is directed to attempt service on Defendants Diveley and McMahon pursuant to the standard procedures.

**13.     Clerk is directed to send a copy of this Order to the Macoupin County Sheriff's Department, attention: Trust Fund Department.**

Entered this 27th day of February, 2023.

<i>s/Sara Darrow</i><br>
SARA DARROW<br>
CHIEF U.S. DISTRICT JUDGE